BEENE v. STATE.

Opinion delivered July 2, 1906.

1. CRIMINAL LAW—PRESENCE OF DEFENDANT.—Where the record in a murder case recites the presence of the defendant in person, and that the trial jury, after hearing the evidence, the court's instructions and the argument of counsel, retired to consider their verdict, and afterwards came into court and returned a verdict of guilty, the record will, in the absence of any showing to the contrary, be construed to mean that defendant was present when the verdict was returned. (Page 464.)

2. HOMICIDE—INSTRUCTION AS TO MURDER—HARMLESS ERROR.—An instruction, in a murder case, that the jury may find defendant guilty of murder in the second degree if they find that he killed the deceased willfully, feloniously and with malice aforethought, but without premeditation and deliberation, though erroneous in not telling them that the absence of either premeditation or deliberation would reduce the offense, is not prejudicial if the jury were further told that both premeditation and deliberation must be found to sustain a verdict of murder in the first degree. (Page 464.)

3. SAME—SPECIFIC INTENT.—While the law requires, in murder in the first degree, that there be a specific intent to take life in the mind of the slayer before the act of killing is done, it is not necessary that this intention be conceived for any particular length of time before the killing. (Page 465.)

Appeal from Union Circuit Court; *Charles W. Smith,* Judge; affirmed.

*J. B. Moore,* for appellant.

1. The record fails to show affirmatively that the appellant was present in court when the jury returned into court and delivered its verdict. The indictment being for a felony, he was entitled to be present when any step was to be taken affecting his life or liberty. Kirby's Digest, § 2339; 5 Ark. 431; 10 Ark. 325; 19 Ark. 209; 24 Ark. 627; 44 Ark. 332; 50 Ark. 492; 62 Ark. 537; 66 Ark. 208.

2. The third instruction was erroneous, its effect being to require the jury to find the absence of both premeditation and deliberation before they could find him guilty of murder in the second degree.

3. The second and fourth instructions are abstract and improper under the facts. The evidence does not show that deliberate and premeditated intent specifically to take the life of deceased required by law to sustain a conviction for murder in the first degree.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

1. The evidence points unerringly to murder in the first degree. It is not surprising that the jury refused to accept appellant's attempt to explain it away as an accident. Their verdict will not be disturbed.

2. The error in defining murder in the second degree was harmless. 52 Ark. 345; 30 Ark. 328; 70 Ark. 272. If appellant thought he was entitled to an instruction on murder in the second degree, he should have asked for a proper instruction. 74 Ark. 444.

3. The record affirmatively shows the presence of appellant in court when the case went to the jury, and the presumption, in the absence of evidence to the contrary, is that he remained present.

BATTLE, J. The grand jury of Union County, at the March, 1906, term of the Union Circuit Court, returned an indictment against Charlie Beene, accusing him of murder in the first degree. He pleaded not guilty, was tried, and found guilty as charged.

The evidence adduced in the trial before the jury, which supported the verdict, tended to prove, substantially, the following facts: The defendant and Susie Beene were husband and

wife. They had many quarrels, and he frequently threatened to kill her. On or about the 14th day of December, 1905, in the evening about 7:30 o'clock, the defendant, wife and two daughters were seated in front of a fire. The wife said to him, as a witness related it: " 'Charlie, I will have to quit cutting wood. My arm hurts me.' And he says: 'If you do, you had better get your duds and leave.' And she says: 'Well, I can't cut no more wood.' And he says: 'Shut up!' And he hit her in the mouth witth his fist. She got up, and says: 'Charlie, you hit me.' And he caught her and threw her down by the fire place, and me and Eddie Bell pulled him off of her, and then he threw her down near the foot of the bed behind the front door, and we pulled him off again, and he went to the rack, and got his gun and taken the squirrel shot out, and loaded it with buck shot." He then walked out of the room in which they had been sitting—walked out backwards—at the same time holding the gun with the hammer cocked under his left arm. His wife followed, and went to the water bucket, and started to get a drink of water, and had the dipper in her hand, when he said to her "Get back," and, she refusing, he shot her. In so doing he did not put the gun to his shoulder, but held it, as witness expressed it, "under his arm, sort o'." She fell. He ran into the house, got his hat and coat, said that he did not intend to kill her, kissed her, and left, going for her neighbors and a doctor. Soon after she was shot she said to a neighbor that she was "bound" to die. When told that the defendant had gone for a doctor, and had said he had shot her accidentally, she replied, "No, he did not shoot me accidentally; he told me he was going to kill me." She lived about an hour, and died. This statement was made, substantially, by more than one witness.

The court, over the objections of the defendant, instructed the jury, in part, as follows:

"2. The jury are instructed that if they find from the evidence in this case beyond a reasonable doubt that the defendant, Charlie Beene, in the El Dorado District of Union County, Arkansas, unlawfully, wilfully, feloniously, with malice aforethought, and after premeditation and deliberation, killed Susan Beene by shooting her with a gun, as alleged in the indictment, you will find the defendant guilty of murder in the first degree.

"3. The jury are instructed that if they find from the evidence in this case, beyond a reasonable doubt, that the defendant, Charlie Beene, in the El Dorado District of Union County, Arkansas, within three years before the return of the indictment herein into court, unlawfully, wilfully, feloniously and with malice aforethought, but without premeditation and deliberation, shot and killed Susan Beene with a gun, as alleged in the indictment, you will find the defendant guilty of murder in the second degree, and assess his punishment at imprisonment in the penitentiary of the State of Arkansas for some period not less than five nor more than twenty-one years.

"4. The jury are instructed that, in order to constitute the killing of a human being murder in the first degree, there must be a specific intent to take life formed in the mind of the slayer before the act of killing was done. It is not necessary, however, that this intention be conceived for any particular length of time before the killing. It may be formed deliberately and executed in a very brief space of time. If it was the conception of a moment, but the result of premeditation and deliberation, reason being on its throne, it would be sufficient. The law fixes no time in which such specific intent to take life must be formed, but leaves its existence to be determined by the jury from the evidence."

The defendant insists that the verdict of the jury should be set aside and a new trial granted to him for the following reasons: (1) "That the record does not affirmatively show that appellant (defendant) was present when and at the time the jury returned into court, and the trial was resumed to hear their report, and at the time the verdict herein was rendered, as required by the statute and the adjudications upon the same by this court.

(2) "That the court erred in giving over appellant's exceptions the third instruction asked by the appellee, * * * wherein the jury were expressly told that if they believed, beyond a reasonable doubt, that the defendant shot and killed the deceased, unlawfully, wilfully, feloniously and with malice aforethought, but without premeditation and deliberation, etc., then they may find him guilty of murder in the second degree, that is to say, in effect, that the jury must find the absence of both premeditation and deliberation before they could reduce the crime to murder in the second degree, whereas we contend that the

finding of the absence of either one of these elements is suffi-
cient.

(3) "That the court erred in giving the second and fourth
instructions upon murder in the first degree * * * because
they were abstract and improper under the evidence adduced
in this cause.

4. "Because the verdict is not supported by the evidence."

As to the first contention, the record is as follows: "Comes
H. S. Powell, Esq., prosecuting attorney, and comes the defend-
ant, Charlie Beene, in his proper person in custody of the sheriff,
and by his attorneys, and comes also the trial jury herein, and, af-
ter hearing the rest of the evidence introduced in this case, the
instructions given by the court and the argument of the counsel,
retire to their room in charge of a sworn officer to consider their
verdict, and afterwards came into court and read the following,
towit: 'We, the jury, find the defendant, Charlie Beene, guilty
of murder in the first degree. [Signed] W. N. HAYES, Fore-
man.' "

The object of this record, as it appears to us, is to show that
the defendant was present when the proceedings mentioned took
place. Prisoners, as a general rule, are brought into court only
for the purpose of witnessing proceedings in their cases. The de-
fendant came, and then the proceedings followed, among which
was the return of the verdict. The proceedings following his
presence plainly indicate the purpose for which he was brought
into court; and it is apparent that the idea the record intends to
express is that he was present when the verdict was returned,
and we so construe it. There is nothing said in the motion for
a new trial about his being absent when the verdict was returned.

Appellant's second contention is substantially correct. *Can-
non* v. *State,* 60 Ark. 564. But the court instructed the jury
that "if they find from the evidence in this case, beyond a reason-
able doubt, that the defendant, Charlie Beene, * * * unlaw-
fully, wilfully, feloniously, with malice aforethought, and after
premeditation and deliberation, killed Susan Beene by shooting
her with a gun, as alleged in the indictment, you will find the
defendant guilty of murder in the first degree." The jury found
him guilty of murder in the first degree, and necessarily found
that the killing was done after premeditation and deliberation;

and, so finding, the instruction objected to was not prejudicial.

The appellant's objection to the second and fourth instructions upon murder in the first degree, which is stated in his third contention, is not tenable. There was evidence upon which to base them, and it was sufficient to sustain the verdict of the jury.

Judgment affirmed.

WOOD, J., thinks that appellant was guilty of murder in the second degree, and that this court should so find and direct that his punishment be assessed accordingly.